1   JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

2

3   BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

4

5   TAREK J. HELOU (CABN 218225)
Assistant United States Attorney

6

7       450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone:    (415) 436-7071

8   Facsimile:    (415) 436-7234
Tarek.J.Helou@usdoj.gov

9

10  Attorneys for Plaintiff

11

12              UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14                 SAN FRANCISCO DIVISION

15

16  UNITED STATES OF AMERICA,        )   CR No. 08-70183 JCS
                                     )
17        Plaintiff,                 )   STIPULATION AND [PROPOSED] ORDER
                                     )   EXCLUDING TIME UNDER 18 U.S.C. § 3161
18     v.                            )
                                     )
19  PEK HOON MARGARET LIM,           )
                                     )
20                                   )
        Defendant.                   )
21  _____ )

22

23      On May 7, 2008, the parties in this case appeared before the Court for a status conference.

24  At that time, the parties requested, and the Court agreed, to set a status conference on May 30,

25  2008 to schedule the date for the defendant's preliminary hearing and arraignment. The parties

26  further stipulated that pursuant to Federal Rule of Criminal Procedure ("FRCP") 5.1(d), the time

27  limits set forth in FRCP 5.1(c) be excluded from May 7, 2008, through May 30, 2008. The

28  parties

1   //

2   agreed that, taking into account the public interest in prompt disposition of criminal cases, good

3   cause existed for this extension.

4       On May 30, 2008, the parties appeared before the Court for another status conference.  At

5   that time, the parties requested, and the Court agreed, to set a status conference on June 20, 2008

6   to schedule the date for the defendant's preliminary hearing and arraignment.  The parties further

7   stipulated that pursuant to Federal Rule of Criminal Procedure ("FRCP") 5.1(d), the time limits

8   set forth in FRCP 5.1(c) be excluded from May 30, 2008, through June 20, 2008.  The parties

9   agreed that, taking into account the public interest in prompt disposition of criminal cases, good

10   cause exists for this extension.

11       The defendant also agrees to exclude, from May 7, 2008 through May 30, 2008, and from

12   May 30, 2008 through June 20, 2008, any time limits applicable under 18 U.S.C. § 3161.  The

13   parties represented to the Court that the length of the continuances mentioned above was the

14   reasonable time necessary for effective preparation of defense counsel.  18 U.S.C. §

15   3161(h)(8)(B)(iv).  The parties also agreed that the ends of justice served by granting those

16   continuances outweighed the best interests of the public and the defendant in a speedy trial.  18

17   U.S.C. § 3161(h)(8)(A).

18   SO STIPULATED:

19

20                                       JOSEPH P. RUSSONIELLO
                                    United States Attorney

21

22   DATED: May 30, 2008                        /s/

23                                       TAREK J. HELOU
                                    Assistant United States Attorney

24

25   DATED: May 30, 2008                        /s/

26                                       GEOFFREY HANSEN
                                    Attorney for Defendant Margaret Pek Hoon Lim

27

28       For the reasons stated above, the Court finds that exclusion of time from May 7, 2008

1  through May 30, 2008 is warranted and that the ends of justice served by the continuance

2  outweigh the best interests of the public and the defendant in a speedy trial.  18 U.S.C. §3161

3  (h)(8)(A); FRCP 5.1(d).  The failure to grant the requested continuance would deny the

4  defendant effective preparation of counsel, and would result in a miscarriage of justice.  18

5  U.S.C. §3161(h)(8)(B)(iv).

6      The Court also finds that exclusion of time from May 30, 2008 through June 20, 2008 is

7  warranted and that the ends of justice served by the continuance outweigh the best interests of

8  the public and the defendant in a speedy trial.  18 U.S.C. §3161 (h)(8)(A); FRCP 5.1(d).  The

9  failure to grant the requested continuance would deny the defendant effective preparation of

10  counsel, and would result in a miscarriage of justice.  18 U.S.C. §3161(h)(8)(B)(iv).

11

12  SO ORDERED.

13

14  DATED:_____    6/2/08

15  _____ EDWARD M. CHEN

16  _____ Magistrate Judge

